UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JARED MALACHI HENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00968-SEB-KMB |
| | ) | |
| CALVARY CHRISTIAN SCHOOL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Jared Malachi Henson, a prisoner proceeding *pro se* and *in forma pauperis*, filed this action against Defendants Calvary Christian School, Calvary Christian Tabernacle Church, and several administrators and staff members, alleging various wrongs, including violations of his Eighth and Fourteenth Amendment rights, abuse, assault, and harassment, that were visited upon him by Defendants while he was an elementary student attending the private school and church, the full effects of which he claims to have only recently discovered through therapy. On September 3, 2024, we screened his complaint under 28 U.S.C. § 1915A, dismissing it without prejudice for lack of subject matter jurisdiction and allowing Mr. Henson forty days within which to file an amended complaint identifying "the federal constitutional or statutory provision(s) giving rise to his claims and/or each defendant's citizenship for purposes of diversity jurisdiction." Dkt. 14 at 5.

On September 30, 2024, Mr. Henson sought leave of Court to amend his complaint and add new Defendants. Upon review of Mr. Henson's proposed amended complaint,

1

the Court determined that it did not overcome any of the deficiencies that required dismissal of his original complaint and included claims against new defendants unrelated to those alleged against the original defendants that could not be litigated in a single lawsuit. Accordingly, we denied Mr. Henson's request to amend his complaint and dismissed the case without prejudice for lack of jurisdiction for lack of subject matter jurisdiction. On October 18, 2024, the Court issued final judgment.

On November 18, 2024, thirty-one days after final judgment was entered, Mr. Henson filed an amended complaint and a motion to appoint counsel. In his cover letter to those filings, Mr. Henson states that he was unable to file his amended complaint within the forty-day deadline imposed by the Court "due to [his] mental instability" and seeks to have his original filing fee applied to his new filings. We construe Mr. Henson's request as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which rule authorizes a district court to relieve a party from a final judgment under certain circumstances, including excusable neglect, new evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). It is "very well established that Rule 60(b) relief is 'an extraordinary remedy and is granted only in exceptional circumstances.'" *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). No such exceptional circumstances exist here.

Although Mr. Henson argues in his most recent filings that he was unable to file an amended complaint prior to entry of final judgment in this case because of his mental health deficiencies, he did apparently seek to submit a proposed amended complaint

2

within the Court's deadline.  The Court denied that request and dismissed this case because his proposed amended complaint did not establish a basis for federal jurisdiction over his original claims and improperly sought to add unrelated claims against new defendants.  Thus, his case was not dismissed because he failed to file an amended complaint within the deadline provided by the Court; accordingly, there is no basis for finding that relief under Rule 60(b) is justified for excusable neglect.

Nor has Mr. Henson shown "any other reason that justifies relief" under Rule 60(b).  He now seeks for the third time to file a complaint that invokes federal jurisdiction, but his new filing clearly suffers from the same deficiencies as his prior submissions, namely, that he is attempting to bring federal constitutional claims against private entities and individuals, which he cannot do as a matter of law.  As we previously instructed, to state a claim under 42 U.S.C. § 1983, he must be able, based on the facts of his claims, to allege that the named defendants were acting "under color of state law" at the time they engaged in the challenged conduct.  *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Without an act "fairly attributable to the State," there can be no viable claim asserted under § 1983.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quotation marks and citation omitted).  In order for the conduct of private entities or individuals such as Defendants to be considered state action, "there must be a sufficiently close nexus between the state and the private conduct so that the action may be fairly treated as that of the State itself."  *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (quotation marks and citations omitted).  Mr. Henson's complaint does not adequately allege such a nexus here.

3

Mr. Henson alleges only that, upon his enrollment at Calvary Christian School, a "special relationship" was formed between the school and the State of Indiana "through the Indiana Charter School Act under I.C. 20-24-1-1 for which the funding for said charter is administered through Indiana's Dep[artment] of Education." The obstacle for Mr. Henson arises from his claim that Calvary Christian School is a "private" school, not a charter school, a fact confirmed by the School's website, which describes the School as a private institution.[1] *See* Calvary Christian School, https://ccs-indy.org (last visited December 5, 2024). Moreover, Mr. Henson alleges that all the events underlying this litigation occurred in 1990, long before the Indiana Charter School Act was enacted in 2001. Mr. Henson alleges no other facts that are indicative of the kind of close nexus between Defendants' conduct and the State that is required to plausibly allege state action.

To the extent that the pleading Mr. Henson seeks to have the Court allow can be construed to frame a claim for battery or any other tortious conduct against Defendants, such causes of action are based on state law; thus, there is no basis for this court to exercise federal question jurisdiction under 28 U.S.C. § 1331. Finally, because the facts alleged by Mr. Henson indicate that all the parties are citizens of Indiana, there does not appear to be diversity of citizenship among them. Accordingly, there is no basis for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332.

---

[1] The Court takes judicial notice of this publicly available fact. *See* Fed. R. Evid. 201(b) (a court may take judicial notice of facts "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned").

Because the amended complaint Mr. Henson has submitted for filing does not invoke federal jurisdiction, there is no basis for our granting him relief under Rule 60(b); his request to reopen this case [Dkt. 18] is therefore <u>DENIED</u>.  This dismissal is (again) without prejudice because "[a] jurisdictional dismissal must be without prejudice …." *Sharif v. Mackoff*, No. 22-1190, 2023 WL 3971410, at *3 (7th Cir. June 13, 2023). However, "that designation signifies only that these are not decisions on the merits that would have preclusive effect in the proper forum.  The case is over in federal court." *Id.* So it is here: this case is over in this court.

Finally, Mr. Henson's motion for copies [Dkt. 21] is <u>GRANTED</u> and **the Clerk is hereby directed to send him a copy of Docket 15 (without exhibits) with this Entry**. All other pending motions, if any, are <u>DENIED AS MOOT</u>.

IT IS SO ORDERED.

Date:      12/5/2024

*(signature)* Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JARED MALACHI HENSON
108387
Indiana State Prison
1 Park Row St
Electronic Service Participant – Court Only